IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
Greenbelt Division

_____

**RAFFINEE MCNEILL**, as next friend )
and guardian of: **J.B.** )
                              )
                 Plaintiff, )
                              )
         v.                   )      Civil Action #1:14-CV-02325
                              )
**TRIMPER'S AMUSEMENTS, INC.** )
      804 S. Boardwalk )
      Ocean City, MD 21842 )
Serve: LINDA T. HOLLOWAY, R.A. )
      804 S. Boardwalk )
      Ocean City, MD 21842 )
                              )
**TRIMPER FAMILY LIMITED** )
**LIABILITY LIMITED** )
**PARTNERSHIP** )
      804 S. Boardwalk )
      Ocean City, MD 21842 )
Serve: EDWARD H HAMMOND JR, R.A)
      3509 Coastal Highway )
      Ocean City, MD 21842 )
                              )
**TRIMPER'S PLAYLAND, INC.** )
      804 S. Boardwalk )
      Ocean City, MD 21842 )
Serve: REGAN J.R. SMITH, R.A. )
      3509 Coastal Highway )
      Ocean City, MD 21842 )
                              )
**TRIMPER'S RIDES OF OCEAN** )
**CITY, INC.** )
      804 S. Boardwalk )
      Ocean City, MD 21842 )
Serve: REGAN J.R. SMITH, R.A. )
      3509 Coastal Highway )
      Ocean City, MD 21842 )
                              )
**TRIMPER'S TIDAL WAVE, INC.** )
      804 S. Boardwalk )
      Ocean City, MD 21842 )
Serve: REGAN J.R. SMITH, R.A. )
      3509 Coastal Highway )
      Ocean City, MD 21842 )

1

|  | ) |
| **WINDSOR RESORT,** | ) |
| **INCORPORATED** | ) |
| 804 S. Boardwalk | ) |
| Ocean City, MD 21842 | ) |
| Serve: REGAN J.R. SMITH, R.A. | ) |
| 3509 Coastal Highway | ) |
| Ocean City, MD 21842 | ) |
|  | ) |
| **WINDSOR RESORTS, L.L.C.** | ) |
| 804 S. Boardwalk | ) |
| Ocean City, MD 21842 | ) |
| Serve: REGAN J.R. SMITH, R.A. | ) |
| 10441 Racetrack Rd. Unit 2 | ) |
| Berlin, MD 21811 | ) |
|  | ) |
| **J. DOUGLAS TRIMPER, INC.** | ) |
| 3509 Coastal Highway | ) |
| Ocean City, MD 21842 | ) |
| Serve: J. DOUGLAS TRIMPER, R.A. | ) |
| Rt. 1 Box 284B | ) |
| Ocean City, MD 21842 | ) |
|  | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT FOR PERSONAL INJURY

COMES NOW, the Plaintiff, RAFFINEE MCNEILL ("Ms. McNeill") as next friend and guardian of J.B. ("J"), by counsel, and represents the following as and for her Complaint for Personal Injury, and moves for judgment against the Defendants TRIMPER'S AMUSEMENTS, INC., TRIMPER FAMILY LIMITED LIABILITY LIMITED PARTNERSHIP, TRIMPER'S PLAYLAND, INC., TRIMPER'S RIDES OF OCEAN CITY, INC., TRIMPER'S TIDAL WAVE, INC., WINDSOR RESORT, INCORPORATED, WINDSOR RESORTS, L.L.C., J. DOUGLAS TRIMPER, INC. (Collectively "defendants" or "Trimper's Rides" or "Trimper"); on the grounds and in the amount hereinafter set forth:

<u>PARTIES</u>

1.      The Plaintiff, Ms. McNeill, is a resident of Accomack County, Virginia.

2.      Defendant Trimper's Amusements, Inc. is a business organized under the laws of Maryland, with a principal place of business in Ocean City, Maryland.

3.      Defendant Trimper Family Limited Liability Partnership is a business organized under the laws of Maryland, with a principal place of business in Ocean City, Maryland.

4.      Defendant Trimper's Playland, Inc. is a business organized under the laws of Maryland, with a principal place of business in Ocean City, Maryland.

5.      Defendant Trimper's Rides of Ocean City, Inc. is a business organized under the laws of Maryland, with a principal place of business in Ocean City, Maryland.

6.      Defendant Trimper's Tidal Wave, Inc. is a business organized under the laws of Maryland, with a principal place of business in Ocean City, Maryland.

7.      Defendant Windsor Resort, Incorporated is a business organized under the laws of Maryland, with a principal place of business in Ocean City, Maryland.

8.      Defendant Windsor Resorts, LLC is a business organized under the laws of Maryland, with a principal place of business in Ocean City, Maryland.

9.      Defendant J. Douglas Trimper, Inc. is a business organized under the laws of Maryland, with a principal place of business in Ocean City, Maryland.

<u>JURISDICTION</u>

10.     Paragraphs 1 through 9 are hereby realleged, reaffirmed and incorporated herein by reference.

11.     This Court has original jurisdiction of the action pursuant to 28 U.S.C.

§1332 because complete diversity exists between the parties and the amount in controversy exceeds the value of $75,000.00.

12.     The United States District Court for Maryland, Greenbelt Division is the proper venue for this action pursuant to 28 U.S.C. §§ 1391 and the harm occurred there and upon information and belief, defendants have transacted business in this district.

<u>FACTS</u>

13.     Paragraphs 1 through 12 are hereby realleged, reaffirmed and incorporated herein by reference.

14.     On Friday, June 28, 2012, J, his uncle, Stephen Bailey ("Mr. Bailey"), and his cousins spent the afternoon riding the rides at Defendants' amusement park - Trimper's Rides - in Ocean City, Maryland.

15.     J and his cousins rode several of the rides while J's uncle observed from the side.

16.     At approximately 3:15 p.m., J was riding the "Hampton I" ride, at Trimper's Rides.

17.     The Hampton I ride is a ride for young children on which miniature vehicles ride along a circular track.

18.     At some point during the time J and his cousins were riding the Hampton I ride, Tasha Renee Purnell ("Ms. Purnell"), the ride operator abruptly stopped the ride to let another child off.

19.     At all relevant times herein referenced Ms. Purnell was an employee of defendants serving as an amusement ride operator.

20.     J, thinking the ride was over since it had stopped, got out of his car.

21.     Ms. Purnell, without first confirming: (i) that the tracks were clear and (ii) that all passengers of the ride were secure; resumed the ride.  At this time, one of the ride vehicles slammed into J.  The intense impact of the collision slammed him down fracturing his skull on the cement floor.

22.     As he lay screaming, the ride vehicle continued rising off of the track and dragging J's body forward, causing abrasions on his torso, arms, legs, and head (front and back).

23.     Mr. Bailey alerted Ms. Purnell to stop the ride and proceeded to frantically lift the amusement ride vehicle off of J.

24.     As a result of the collision, J was slammed into the floor and crushed between the ride's tracks and the vehicle which had impacted him, as the vehicle continued along the tracks.

25.     As a direct and proximate result of the accident, J suffered significant injuries, including, but not limited to a traumatic brain injury and non-displaced left occipital skull fracture.

26.     As a direct and proximate result of the accident, J incurred and continues to incur significant medical expenses in an effort to cure his injuries which were directly caused by the aforesaid collision.

27.     J's injuries, directly and proximately caused by the accident, have had and continue to have lasting effects on his ability to perform his activities of daily living.

<u>COUNT ONE – NEGLIGENCE</u>

28.     Paragraphs 1 through 27 are hereby realleged, reaffirmed and incorporated herein by reference.

29.     Ms. Purnell, an employee and agent of defendants, negligently failed to ensure that J (or any other ride passenger) was properly secured away from the danger of the moving cars before she resumed the ride.

30.     At the same time and place aforesaid, Defendants owed J the following duties:

    a.  To pay full time and attention to the operation of the amusement ride;

    b.  To keep the ride under proper control;

    c.  To ensure that all ride participants were properly restrained on the ride vehicles;

    d.  To ensure that the tracks were clear of any danger which would prevent the safe operation of the ride;

    e.  To otherwise operate the amusement ride in a careful and prudent manner.

31.     Ms. Purnell, an employee and agent of defendants, negligently breached the aforementioned duties by failing to operate the ride in a safe manner, resulting in the ride vehicle colliding with J.

32.     The collision was the direct and proximate result of the negligence of Ms. Purnell, an employee and agent of defendants, without any negligence on the part of J contributing thereto.

33.     As a direct and proximate result of the negligence of the Defendants and its agent, which directly and proximately caused the collision, J sustained serious injuries and damages which include, but are not limited to, his injuries, medical expenses, physical pain, mental anguish, and emotional distress.  J continues to face significant future medical expenses and developmental issues.

WHEREFORE, based on the foregoing allegations, the Plaintiff, Ms. Raffinee McNeill as next friend and guardian of J.B., requests the following relief:

- That the Court award judgment for Ms. McNeill in the sum of one million dollars ($1,000,000.00) for medical damages,  future medical costs and damages, diminution in quality of life, disability, mental anguish, pain  and suffering and all other losses permitted under Maryland Law.

- That the Court award Ms. McNeill pre-judgment and post-judgment interest;

- That the Court award Ms. McNeill any further relief it deems necessary.

A JURY TRIAL IS HEREBY DEMANDED.


RAFFINEE MCNEILL
By Counsel


___/s/_____
J. Chapman Petersen, Esq., MSB #13368
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
Email:  jpetersen@siplfirm.com
Counsel for Ms. McNeill, as next friend and guardian
to J.B.